In the Matter of the Adoption of
Jon Paul Michael Kyle, A Minor.

STURSA et al,
*Respondents,*

*v.*

KYLE,
*Appellant.*

(A87-11-7; CA A49713)

782 P2d 158

Theresa L. Wright, Salem, argued the cause for appellant.
With her on the brief was Willamette Legal Clinics, Salem.

Kevin Chames, Portland, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Appellant, who has been sentenced to a term of more than three years and has been incarcerated at the state penitentiary for more than three years, seeks review of the trial court's order allowing the adoption of his minor son, without his consent and over his objection, by the current husband of the child's mother.[1] ORS 109.322 provides, in relevant part:

> "If either parent * * * is imprisoned in a state or federal prison under a sentence for a term of not less than three years and has actually served three years, there shall be served upon such parent, if the parent has not consented in writing to the adoption, a citation in accordance with ORS 109.330 to show cause why the adoption of the child should not be decreed. * * * Upon hearing being had, if the court finds that the welfare of the child will be best promoted through the adoption of the child, the consent of the * * * imprisoned parent is not required, and the court shall have authority to proceed regardless of the objection of such parent."

■    Appellant argues in his first assignment that the provisions of ORS 109.322 "relating to felons are not enforceable." He contends that ORS 109.322 is contrary to ORS 137.275, which provides:

> "Except as otherwise provided by law, a person convicted of a felony does not suffer civil death or disability, or sustain loss of civil rights or forfeiture of estate or property, but retains all of the rights of the person, political, civil and otherwise, including, but not limited to, the right to vote, to hold, receive and transfer property, to enter into contracts, including contracts of marriage, and to maintain and defend civil actions, suits or proceedings."

Appellant's reasons for considering the two statutes to be incompatible amount to little more than his perception that they promote conflicting policies. Although the underlying policies of the statutes are different, they are not inconsistent. ORS 137.275 was enacted to reduce secondary sanctions for the commission of felonies; ORS 109.322 attempts to facilitate the welfare of children whose natural parents are subject to

---

[1] Appellant and the mother were married 20 days after the child was born. Appellant's incarceration began before that time. He had been convicted of first degree rape, sodomy and kidnapping and was sentenced to 20-years imprisonment on each, with a 10-year minimum on each.

long-term imprisonment. In any event, the evidence is compelling that the legislature did not intend to displace ORS 109.322 through the enactment of ORS 137.275.

Although appellant does not label it as such, his statutory argument is, in substance, that ORS 137.275 impliedly repeals ORS 109.322. The threshold problem with the argument is that ORS 137.275 begins with the words "[e]xcept as otherwise provided by law," and ORS 109.322 is a provision of law. Moreover, ORS 109.322 was amended to add the words "and has actually served three years" through an act that was approved by the Governor and filed with the Secretary of State on the same day as the act adopting ORS 137.275. Or Laws 1975, ch 711, § 1; Or Laws 1975, ch 781, § 1. The latter act specifically repealed or modified certain existing statutes imposing disabilities on convicted felons; it did not repeal or modify ORS 109.322. Finally, the substance of the two statutes is only marginally related. ORS 137.275 provides generally that conviction of a felony does not result in civil disability or divest "rights of the person." ORS 109.322 has the broader concern of defining conditions for adoption and defining the rights of an imprisoned parent in that context.

The terms of ORS 137.275 and the history and purpose of the two statutes are inconsistent with appellant's implied repeal theory, and we reject his statutory argument. He also contends that ORS 109.322 violates Article I, section 15, of the Oregon Constitution:

> "Laws for the punishment of crime shall be founded on the principles of reformation, and not of vindictive justice."

Appellant states that the "purpose of ORS 137.275" and, presumably, in appellant's view, of Article I, section 15, is

> "to insure that convicted felons [are] given no more punishment for their crime[s] than incarceration. ORS 109.322 inappropriately creates that additional punishment."

ORS 109.322 is not, on its face or as applied here, a "law for the punishment of crime"[2]; it is a law relating to adoption. It imposes no punishment, but makes the fact of a parent's long-term imprisonment a circumstance that can

---

[2] We expressly disagree with the *dictum* in *State v. Grady,* 231 Or 65, 69-70, 371 P2d 68 (1962), that can be read to imply the contrary.

alter the adoption procedures and criteria that are defined elsewhere in ORS chapter 109. The parent must *be* in prison, as well as having been imprisoned for at least three years, for the statute to apply. Arguably, the statute could be used to serve vindictive ends, but there is no basis for concluding that that occurred here. Appellant's view appears to be that anything that a convicted felon regards as affecting him negatively is "punishment," over and above his imprisonment. We do not agree. ORS 109.322 does not penalize an imprisoned parent; it ameliorates an effect of the parent's long-term incarceration on minor children and, at the same time, confers substantial procedural protections on the parent. *See F. v. C.,* 24 Or App 601, 547 P2d 175, *rev den, cert den* 429 US 907 (1976).

Appellant relies on a number of Oregon Supreme Court decisions. The first, *State v. Grady,* 231 Or 65, 371 P2d 68 (1962), was a termination of parental rights case that appellant describes as holding that, "absent other factors, a parent *cannot* lose the right to his child based solely on his incarceration." (Emphasis supplied.) It is correct that many of the considerations bearing on the protections of parents in termination cases also come into play in adoption cases where a parent objects. *See F. v. C., supra.* However, appellant's understanding of *Grady* is incorrect. The conclusion there was that the "rights of parents are *not necessarily* terminated *as a matter of law* because of a parent's incarceration." 231 Or at 67. (Emphasis supplied.) *See State ex rel Juv. Dept. v. Newman,* 49 Or App 221, 227, n 4, 619 P2d 901 (1980), *rev den* 290 Or 449 (1981).

Appellant also relies on *Simons et ux v. Smith,* 229 Or 277, 366 P2d 875 (1961), where the father challenged the constitutionality of ORS 109.314. That statute provides that, after a dissolution, the noncustodial parent's consent to an adoption is not necessary, but that "the objections of such parent shall be heard if appearance is made." The court held that, for ORS 109.314 to satisfy due process requirements, the noncustodial parent's objections had to be treated as conclusive against adoption, unless some statutory basis other than ORS 109.314 is present and allows a nonconsensual adoption. 229 Or at 285.

The court also explained at length in *Simons* that the

"best interests of the child" standard, applicable to the determination of custody in dissolution cases, was not the appropriate test in that adoption case.[3] *Simons* lends appellant no support. As we explained in *F. v. C., supra:*

> "[T]he court had held in *Simons [et ux] v. Smith,* 229 Or 277, 366 P2d 875 (1961), that the consent of a natural parent was not obviated simply because he or she had failed to secure custody of the child involved subsequent to the dissolution of the parents' marriage, noting that as a general rule the required consent may be dispensed with only where the parent 'is under some disability or is at fault in a matter related to the parent-child relationship * * *.' 229 Or at 278. As an example of a situation in which a parent's 'disability' may permit the granting of an adoption over objection, the court specifically referred to ORS 109.322 which in its entirety deals with cases in which the parent is 'mentally ill, mentally deficient or imprisoned.'" 24 Or App at 613-14.

For similar reasons, appellant's reliance on *Hruby and Hruby,* 304 Or 500, 748 P2d 57 (1987), is misplaced. The court held there that natural parents enjoy a conclusive preference in custody disputes with other persons "unless there are compelling reasons for giving custody to another party." 304 Or at 502; *see also State ex rel Juv. Dept. v. Lauffenberger,* 308 Or 159, 777 P2d 954 (1989). This is not a custody case, and ORS 109.322 recognizes and establishes by statute a compelling and cogent reason for allowing adoption without a parent's consent.

We reject appellant's first assignment. His second is that the trial court erred by finding that the child's best interests required that the adoption should proceed notwithstanding appellant's objections. The court did not err.

Affirmed.

---

[3] Appellant relies on that point, and he makes no due process argument. *See F. v. C., supra.*